**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| JONATHAN HOLLOMON<br>4633 County Road 52<br>Ironton, Ohio 45638,<br><br>         Plaintiff,<br><br>         v.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>6330 Gulfton Street<br>Houston, Texas 77081,<br><br>**Serve Also:**<br>GC SERVICES LIMITED<br>PARTNERSHIP<br>c/o CT Corporation System<br>Registered Agent<br>1999 Bryan Street, Suite 900<br>Dallas, Texas 75201,<br><br>         Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Jonathan Hollomon, by and through undersigned counsel, as his Complaint against GC Services Limited Partnership ("GC Services Limited") states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Hollomon is a resident of the City of Ironton, County of Lawrence, State of Ohio.

2. At all times herein, Hollomon was acting in the course and scope of his employment.

3. GC Services Limited is a foreign limited partnership that hires citizens of the State of Ohio, contracts with companies in Ohio, and/or owns or rents property in Ohio. As such, the exercise of personal jurisdiction over GC Services Limited comports with due process.

4. The claims herein arose from or relates to the contacts of GC Services Limited with Ohio residents, thereby conferring specific jurisdiction over GC Services Limited.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hollomon is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII") 28 U.S.C. § 2000e., The Americans with Disability Act ("ADA") 42 U.S.C. § 12101 *et seq.,* and The Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

6. This Court has supplemental jurisdiction over Hollomon's state law claims pursuant to 28 U.S.C. § 1367 as Hollomon's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Hollomon filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Numbers 473-2023-02396 and DAYB6(002524)10182023 against GC Services Limited and Plybon ("Hollomon EEOC Charge").

9. On or about June 12, 2024, the EEOC issued a Notice of Right to Sue letter to Hollomon regarding the Hollomon EEOC Charge.

10. Hollomon has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Hollomon has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

12. Hollomon is a former employee of GC Services Limited.

13. Hollomon began working for GC Services Limited on or about February 24, 2022.

14. Hollomon worked for GC Services Limited as a Customer Service Representative.

15. GC Services Limited was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

16. At all times relevant herein, Hollomon was employed by GC Services Limited for at least 12 months and had at least 1,250 hours of service with GC Services Limited and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

17. In or about June 2022, Hollomon suffered a stroke ("Hollomon's Disability").

18. Hollomon spent several days in the hospital.

19. Hollomon's wife immediately informed GC Services Limited of Hollomon's stroke and hospital treatment requirements.

20. Hollomon's Disability is a mental and/or physical impairment.

21. Hollomon's Disability substantially limits one or more of his major life activities.

22. Hollomon has a record of Hollomon's Disability.

23. As a result of Hollomon's Disability, Hollomon is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

24. Hollomon's wife disclosed Hollomon's Disability to GC Services Limited.

25. In the alternative, GC Services Limited perceived Hollomon as being disabled.

26. In or about June of 2022, Hollomon took FMLA leave to receive treatment for Hollomon's Disability ("FMLA Leave").

27. Hollomon's FMLA Leave lasted for approximately five or six weeks.

28. In or about August of 2022, Hollomon returned to work at GC Services Limited.

29. Despite his actual or perceived disabling conditions, Hollomon was still able to perform the essential functions of his job.

30. As a result of Hollomon's Disability, Hollomon sometimes experiences unsteadiness that affects the way he communicates and/or interacts with other people.

31. Throughout his employment with GC Services Limited, Hollomon experienced discriminatory treatment from his supervisors on the basis of his Disability.

32. Throughout his employment with GC Services Limited, GC Services Limited took adverse action against Hollomon on the basis of his Disability.

33. Hollomon's supervisors began to give Hollomon inconsistent and contradictory work instructions.

34. Hollomon then received disciplinary action for following the instructions he was given.

35. Paragraphs 33 and 34 are hereinafter collectively referred to as "FMLA Retaliation and Disability Discrimination".

36. The FMLA Retaliation and Disability Discrimination was discrimination based on Hollomon's Disability.

37. The FMLA Retaliation and Disability Discrimination was retaliation based on Hollomon's use of FMLA leave.

38. In or about September of 2022, Hollomon reported the FMLA Retaliation and Disability Discrimination to Supervisor Hope Plybon ("First Protected Complaint").

39. GC Services Limited has a policy against discrimination and retaliation ("Discrimination Policy").

40. Alternatively, GC Services Limited does not have a policy prohibiting discrimination and retaliation.

41. GC Services Limited has a policy of investigating significant workplace issues or events.

42. The First Protected Complaint reported a violation of the Discrimination Policy.

43. The First Protected Complaint reported a significant workplace issue or event.

44. Pursuant to GC Services Limited's policies, the First Protected Complaint should be investigated.

45. Alternatively, pursuant to GC Services Limited's policies, the First Protected Complaint should not be investigated.

46. An investigation should include interviewing the complainant.

47. An investigation should include interviewing the subject of the complaint.

48. An investigation should include interviewing the subject of the reported discrimination.

49. An investigation should include interviewing witnesses to the reported discrimination.

50. An investigation should include getting a written statement from the complainant.

51. An investigation should include getting a written statement from the subject of the reported discrimination.

52. In response to the First Protected Complaint, Defendant did not interview Hollomon.

53. In response to the First Protected Complaint, Defendant did not interview any witnesses.

54. In response to the First Protected Complaint, Defendant did not get a written statement from Hollomon.

55. In response to the First Protected Complaint, Defendant did not get a written statement from any witnesses.

56. In response to the First Protected Complaint, Defendant conducted no investigation whatsoever.

57. In response to the First Protected Complaint, Defendant failed to take remedial action.

58. Due to Defendant's failure to take remedial action, Hollomon was subject to further discriminatory and retaliatory treatment.

59. On or about November 16, 2022, Hollomon submitted a form through GC Services Limited's Aspen system requesting a schedule adjustment ("Request for Accommodations").

60. On or about December 1, 2022, Team Supervisor Susan Oehlers informed Hollomon his employment was terminated ("Termination").

61. The Termination was discrimination based on Hollomon's Disability.

62. The Termination was discrimination based on Hollomon's perceived disability.

63. The Termination was retaliation for Hollomon's use of FMLA leave.

64. The Termination was retaliation for Hollomon's Request for Accommodations.

65. The Termination was retaliation for Hollomon's First Protected Complaint.

66. The Termination was pretext for FMLA retaliation.

67. GC Services Limited has a progressive disciplinary policy ("Discipline Policy").

68. A verbal warning is the lowest level of discipline in the Discipline Policy.

69. Hollomon did not receive a verbal warning before the Termination.

70. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

71. Hollomon did not receive a written warning before the Termination.

72. A termination is the highest level of discipline in the Discipline Policy.

73. GC Services Limited knowingly skipped progressive disciplinary steps in terminating Hollomon's employment.

74. GC Services Limited knowingly terminated Hollomon's employment.

75. GC Services Limited knowingly took adverse employment action against Hollomon.

76. GC Services Limited knowingly took adverse action against Hollomon.

6

77. GC Services Limited intentionally skipped progressive disciplinary steps in terminating Hollomon's employment.

78. GC Services Limited intentionally terminated Hollomon's employment.

79. GC Services Limited intentionally took adverse employment action against Hollomon.

80. GC Services Limited intentionally took adverse action against Hollomon.

81. GC Services Limited knew that skipping progressive disciplinary steps in terminating Hollomon's employment would cause Hollomon harm, including economic harm.

82. GC Services Limited knew that terminating Hollomon's employment would cause Hollomon harm, including economic harm.

83. GC Services Limited willfully skipped progressive disciplinary steps in terminating Hollomon's employment.

84. GC Services Limited willfully terminated Hollomon's employment.

85. GC Services Limited willfully took adverse employment action against Hollomon.

86. GC Services Limited willfully took adverse action against Hollomon.

87. As a direct and proximate result of GC Services Limited's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
**(Defendant GC Services Limited)**

88. Hollomon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. Defendant treated Hollomon differently than other similarly-situated employees based on his disabling condition.

90. Defendant treated Hollomon differently than other similarly-situated employees based on his perceived disabling condition.

91. On or about December 1, 2022, Defendant terminated Hollomon's employment without just cause.

92. Defendant terminated Hollomon's employment based on his disability.

93. Defendant terminated Hollomon's employment based on his perceived disability.

94. Defendant violated the ADA when it discharged Hollomon based on his disability.

95. Defendant violated the ADA when it discharged Hollomon based on his perceived disability.

96. Defendant violated the ADA by discriminating against Hollomon based on his disabling condition.

97. Defendant violated the ADA by discriminating against Hollomon based on his perceived disabling condition.

98. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq.*
(Defendant GC Services Limited)**

99. Hollomon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Defendant treated Hollomon differently than other similarly-situated employees based on his disabling condition.

101. Defendant treated Hollomon differently than other similarly-situated employees based on his perceived disabling condition.

102. On or about December 1, 2022, Defendant terminated Hollomon's employment without just cause.

103. Defendant terminated Hollomon's employment based on his disability.

104. Defendant terminated Hollomon's employment based on his perceived disability.

8

105. Defendant violated R.C. § 4112.02 when it discharged Hollomon based on his disability.

106. Defendant violated R.C. § 4112.02 when it discharged Hollomon based on his perceived disability.

107. Defendant violated R.C. § 4112.02 by discriminating against Hollomon based on his disabling condition.

108. Defendant violated R.C. § 4112.02 by discriminating against Hollomon based on his perceived disabling condition.

109. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT III: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA
**(Defendant GC Services Limited)**

110. Hollomon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

111. Hollomon requested accommodations from Defendant to assist with his disabilities.

112. Hollomon's requested accommodations were reasonable.

113. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

114. Defendant failed to engage in the interactive process of determining whether Hollomon needed an accommodation.

115. Defendant failed to provide an accommodation.

116. Defendant violated the ADA by failing to provide Hollomon a reasonable accommodation.

117. Hollomon suffered emotional distress as a result of Defendant's conduct and is entitled emotional distress damages pursuant to the ADA.

118. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*
### (Defendant GC Services Limited)

119. Hollomon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

120. Hollomon informed Defendant of his disabling condition.

121. Hollomon requested accommodations from Defendant to assist with his Disability including altering Hollomon's schedule.

122. Hollomon's requested accommodations were reasonable.

123. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

124. Defendant failed to engage in the interactive process of determining whether Hollomon needed an accommodation.

125. Defendant failed to provide an accommodation.

126. Defendant violated R.C. § 4112.02 by failing to provide Hollomon a reasonable accommodation.

127. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT V: RETALIATION IN VIOLATION OF THE ADA
### (Defendant GC Services Limited)

128. Hollomon restates each and every prior paragraph of this complaint, as if it were fully restated herein.

10

129. As a result of Defendant's discriminatory conduct described above, Hollomon complained about the disability discrimination he experienced in his First Protected Complaint.

130. Subsequent to Hollomon's First Protected Complaint, Defendant retaliated against Hollomon by terminating Hollomon's employment.

131. Defendant's actions were retaliatory in nature based on Hollomon's opposition to the unlawful discriminatory conduct.

132. Pursuant to the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

133. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT VI: RETALIATION IN VIOLATION OF R.C. 4112.01 *et seq.*
**(Defendant GC Services Limited)**

134. Hollomon restates each and every prior paragraph of this complaint, as if it were fully restated herein.

135. As a result of Defendant's discriminatory conduct described above, Hollomon complained about the disability discrimination he experienced in his First Protected Complaint.

136. Subsequent to Hollomon's First Protected Complaint, Defendant terminated Hollomon's employment.

137. Defendant's actions were retaliatory in nature based on Hollomon's opposition to the unlawful discriminatory conduct.

138. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

139. As a direct and proximate result of Defendant's conduct, Hollomon suffered and will continue to suffer damages.

### COUNT VII: RETALIATION IN VIOLATION OF FMLA
**(Defendant GC Services Limited)**

140. Hollomon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

141. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

142. Defendant is a covered employer under FMLA.

143. During his employment, Hollomon qualified for FMLA leave.

144. During his employment, Hollomon utilized FMLA leave.

145. After Hollomon utilized FMLA leave, Defendant took retaliatory action against him.

146. Defendant retaliated against Hollomon by terminating his employment on December 1, 2022.

147. Defendant willfully retaliated against Hollomon in violation of 29 U.S.C. § 2615(a).

148. As a direct and proximate result of Defendant's wrongful conduct, Hollomon is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jonathan Hollomon respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring each Defendant to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

 (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

 (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

 (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Hollomon for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Hollomon claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                Respectfully submitted,

                */s/ Samuel Long*
                Samuel Long (0103931)
                Hannah Martin (0103992)
                **SPITZ, THE EMPLOYEE'S LAW FIRM**
                11260 Chester Road, Suite 825
                Cincinnati, Ohio 45246
                Phone: (513) 538-2444
                Fax: (216) 291-5744
                Email: sam.long@spitzlawfirm.com
                    hannah.martin@spitzlawfirm.com

*Attorneys for Plaintiff Jonathan Hollomon*

## JURY DEMAND

Plaintiff Jonathan Hollomon demands a trial by jury by the maximum number of jurors permitted.

> */s/ Samuel Long*
> Samuel Long (0103931)
> Hannah Martin (0103992)
>
> *Attorneys for Plaintiff Jonathan Hollomon*